UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE MUNIZ AND TODD LEIBOVITZ ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. SA-10-CA-0749-XR |
| ) | |
| CITY OF SAN ANTONIO, CRAIG NASH, ) | |
| AND MYRON OBERHEU ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**ORDER**

On this date, the Court considered Defendant Oberheu's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket. No. 85), and Plaintiff Muniz's response thereto (docket no. 89). Because Oberheu has already filed an answer in this lawsuit, the Court construes the motion pursuant to Federal Rule of Civil Procedure 12(c). Following review of the Motion and the relevant authority, Defendant's motion is GRANTED in part and DENIED in part.

**Factual Background**

Plaintiff Muniz claims that on April 23, 2010 he was unlawfully harassed and threatened with arrest by Defendant Oberheu for sharing his faith and handing out religious literature on a public sidewalk in the City of San Antonio.[1] Specifically, Plaintiff alleges that at approximately 10:30 p.m.

---

[1] The Court notes that there is a second Plaintiff in this action, Plaintiff Leibovitz, who alleges that his constitutional rights were violated by a different defendant officer, Defendant Nash, in a separate incident. Specifically, Leibovitz claims that on July 11, 2009, he was unlawfully arrested by Defendant Nash and imprisoned overnight for peacefully speaking about the Christian faith and sharing passages from the Bible while standing on a public sidewalk in the City of San Antonio.

1

he and a group of people arrived at a public sidewalk in downtown San Antonio to distribute free religious literature and share their religious faith with interested people in the area. Plaintiff alleges that at all material times, he and his group were standing on the public sidewalk, and were "peacefully and respectfully" handing out religious material. Plaintiff further claims that his group "did not block the public sidewalk or otherwise hinder any pedestrian's passage." According to Plaintiff, at approximately 11:20 p.m. he was "aggressively and angrily" approached by Defendant Oberheu and ordered to cease handing out religious literature. Plaintiff contends that Defendant Oberheu informed Plaintiff that it was against the law to hand out free religious literature, and that he could only handout religious literature outside the city limits of the City of San Antonio. Plaintiff states that Defendant Oberheu then handed him a copy of Section 21-4 of the City of San Antonio Code of Ordinances, which makes it unlawful to hand out commercial pamphlets on public grounds. Plaintiff asserts that Defendant Oberheu told him the ordinance prohibited him from distributing his religious material, and ordered him to cease and desist. Plaintiff indicates that due to the threats, he and his group complied with Oberheu's instructions and left the area.

Plaintiff brought this action alleging numerous causes of action including violations of Plaintiff's Fourth Amendment rights to be free from unlawful seizure, false arrest, and false imprisonment; failure to train; multiple violations of the Plaintiff's First Amendment rights to free speech, free exercise of religion and establishment of religion; violation of the Fourteenth Amendment equal protection clause; violation of Plaintiff's Texas Constitutional right to freedom of worship and freedom of speech; violation of Chapter 106 of the Texas Civil Practice and Remedies Code regarding discrimination because of religion; and violation of Chapter 110 of the Texas Civil Practice and Remedies Code regarding the Texas Religious Freedom Restoration Act.

Plaintiff Leibovitz specifically alleged that Defendant Oberheu violated his First and Fourteenth Amendment protections to be free from threats and harassment from the government.

## Procedural History

Plaintiffs Muniz and Leibovitz filed Plaintiffs' Original Complaint against the City of San Antonio, Texas, as well as San Antonio Police Department Officer Oberheu and former San Antonio Police Department Officer Nash in their individual capacities on September 9, 2010. (Docket No. 1). The City of San Antonio filed its Original Answer on September 30, 2010 (docket no. 14), followed by Defendant Nash on October 4, 2010 (docket no. 15), and Defendant Oberheu on October 6, 2010 (docket no. 17). Defendants Nash and Oberheu filed Amended Answers on February 3, 2012 (docket nos. 69, 70), and the City of San Antonio filed an Amended Answer on March 7, 2012 (docket no. 79). On May 18, 2012, Defendants Nash and Oberheu filed Motions to Dismiss. (Docket Nos. 85, 86). Plaintiffs filed responses on June 1, 2012. (Docket Nos. 88, 89).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. In deciding a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and must draw all reasonable inferences in the plaintiff's favor. *See Lovick v. Ritemoney, Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004). To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

### I. QUALIFIED IMMUNITY

#### A. Legal Standard

Qualified immunity protects government officials who perform discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* Qualified immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (no emphasis added). Government officials are entitled to qualified immunity if their conduct "was objectively reasonable in light of the legal rules that were clearly established at the time of [their] actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (en banc), *cert. denied,* 537 U.S. 1232 (2003).

Once a government official has invoked the doctrine of qualified immunity, the burden shifts to the plaintiff to show that the doctrine does not apply by demonstrating (1) the defendant violated his or her constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Porter v. Epps,* 659 F.3d 440, 445 (5th Cir 2011). The Fifth Circuit has imposed a heightened pleading standard on the plaintiff when the defendant raises qualified immunity as a defense. The plaintiff must "show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense." *Slocum v. Livington*, No. H-11-486, 2012 WL 2088953 (S.D. Tex. June 8, 2012) (citing *Elliott v. Perez,* 751

F.2d 1472, 1473 (5th Cir.1985)).

Qualified immunity questions should be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (internal quotation marks omitted). However, the Fifth Circuit has noted that "if the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits." *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). However, dismissal still may be appropriate "on the grounds of qualified immunity . . . if it is supported by the allegations of the complaint itself." *Id.* In other words, "it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *McClendon v. City of Columbia,* 305 F.3d at 323.

**B. Analysis**

Plaintiff raises claims under Section 1983 arguing that Defendant violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, as well as the Texas Constitution and several Texas statutes, with all claims based on Defendant's alleged unlawful arrest of Plaintiff while he was sharing his religious beliefs in a public forum. In his Motion to Dismiss, Defendant argues that he is entitled to qualified immunity because "under the totality of the circumstances with which Defendant Oberheu was confronted with at the time his actions were objectively reasonable."

"[A] police officer who reasonably but mistakenly concludes that he has probable cause to arrest a suspect is entitled to qualified immunity."*Chiles v. Hempstead,* 426 F. App'x 310, 312 (5th Cir. 2011) (quoting *Tarver v. City of Edna,* 410 F.3d 745, 750 (5th Cir.2005)). Defendant argues he had probable cause to believe a violation of a city ordinance (blocking a sidewalk) was occurring in his presence. Defendant asserts that at the time of the incident, an event had just ended and the

area was heavily congested with pedestrians and motorists. Defendant alleges that he told Plaintiff that he had a right to "preach" at the location, but pointed out that nobody could stop to listen to them because of the danger, congestion, and noise. Defendant states that Plaintiff and Plaintiff's group agreed to move elsewhere after Defendant pointed this fact out.

However, Defendant's description of the incident conflicts with the description provided by Plaintiff in his complaint. While Defendant's account of the incident may very well demonstrate objectively reasonable conduct, the Court is unable to consider facts outside the pleadings for purposes of a Rule 12(c) motion. The facts as alleged in Plaintiff's complaint control. Plaintiff alleges in his complaint that he was simply engaging in peaceful speech on a public street when Defendant threatened him with arrest. Moreover, Plaintiff alleges that Defendant threatened to arrest him for violating Section 21-4 of the City of San Antonio Code of Ordinances, not for blocking the sidewalk as Defendant alleges.

The Court concludes that Plaintiff's detailed description of the incident is sufficient to meet the heightened pleadings standard that is required when a qualified immunity defense is raised by a defendant. The Court further concludes that taking the facts in the Complaint as true, Plaintiff has demonstrated that Defendant violated his constitutional rights and that Defendant's actions were objectively unreasonable in light of the of clearly established law at the time of the violation. The Court therefore denies Defendant's motion.

## II.    TEXAS CIVIL PRACTICE & REMEDIES CODE CHAPTER 110 CLAIM

Defendant moves to dismiss Plaintiff's claims against Defendant Oberheu under Texas Civil Practice and Remedies Code Chapter 110. In its response, Plaintiff does not respond to Defendant's motion on this claim. Chapter 110 provides that a government agency may not substantially burden

an individual's free exercise of religion. *See* TEX. CIV. PRAC. & REM. CODE 110.003(a). Chapter 110 also provides that an individual "may not bring an action for damages or declaratory or injunctive relief against an individual, other than action brought against an individual acting in the individual's official capacity as an officer of a government agency." TEX. CIV. PRAC. & REM. CODE 110.005(d). In this case, Plaintiffs have not sued Defendant in his official capacity, but rather have sued him as an individual. Thus, Plaintiff's claim against Defendant Oberheu under Chapter 110 is barred. However, the claim remains as to the City of San Antonio.

## Conclusion

Plaintiff has failed to state a claim against Defendant under Chapter 110 of the Texas Civil Practice and Remedies Code. The Court therefore GRANTS Defendant's Motion to Dismiss with respect to that claims as to Defendant Nash. The claim remains as to the City of San Antonio. The Court DENIES Defendant's Motion to Dismiss with respect to all remaining claims.

The parties previously motioned this Court to stay all deadlines and vacate the Court's previously entered scheduling order (docket no. 87) pending the Court's decision on Defendant's Motion to Dismiss. The Court granted the motion by gavel order on June 4, 2012. The parties are therefore ordered to confer and submit a new proposed scheduling order to the Court by **August 3, 2012**.

SIGNED this 30th day of July, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE