UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE MUNIZ AND TODD LEIBOVITZ )<br>)<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>CITY OF SAN ANTONIO, CRAIG NASH, )<br>AND MYRON OBERHEU )<br>)<br>    *Defendants*. )<br>) | Case No. SA-10-CA-0749-XR |

**ORDER**

On this date, the Court considered Defendant Nash's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket. No. 86), and Plaintiff Leibovitz's response thereto (Docket No. 88). Because Nash has already filed an answer in this lawsuit, the Court construes the motion pursuant to Federal Rule of Civil Procedure 12(c). Following review of the Motion and the relevant authority, Defendant's motion is GRANTED in part and DENIED in part.

**Factual Background**

Plaintiff Leibovitz claims that on July 11, 2009, he was unlawfully arrested by Defendant Nash and imprisoned overnight for peacefully speaking about the Christian faith and sharing passages from the Bible while standing on a public sidewalk in the City of San Antonio.[1]

---

[1] The Court notes that there is a second Plaintiff in this action, Plaintiff Nash, who alleges that his constitutional rights were violated by a different defendant officer, Defendant Oberheu, in a separate incident. Specifically, Plaintiff Muniz claims that on April 23, 2010 he was unlawfully harassed and threatened with arrest by Defendant Oberheu for sharing his faith and handing out religious literature on a public sidewalk in the City of San Antonio.

1

Specifically, Plaintiff alleges that at approximately 7:00 p.m., Plaintiff and his friend began standing on a public sidewalk and sharing their religious beliefs with people in the area. Plaintiff alleges that at approximately 10:00 p.m. Officer Nash approached them and threatened to put them in jail if they continued sharing their beliefs. Plaintiff alleges that he responded by informing Officer Nash that they had a legal right to be there and were breaking no law. Plaintiff alleges that Officer Nash stated that he would put them in handcuffs and put them in jail for the night if he received a complaint about them sharing their faith. Plaintiff alleges that Officer Nash left at that time, and that he and his friend continued to share their faith. Plaintiff alleges that a short time later, Officer Nash returned with another officer and arrested Plaintiff and his friend. Plaintiff alleges that he was placed in handcuffs, taken to the police station, booked, forced to spend the night in jail, and not released until sixteen hours after his incarceration. Plaintiff asserts that the City of San Antonio prosecuted him, but that the charges were later dismissed. Plaintiff alleges that although he never received a citation, upon information and belief Officer Nash had cited him for violating Section 16-227 of the City of San Antonio Code of Ordinances, which prohibits peddling tangible property without a license.

Plaintiff brought this action alleging numerous causes of action against the Defendants including violations of Plaintiff's Fourth Amendment rights to be free from unlawful seizure, false arrest, and false imprisonment; failure to train; multiple violations of the Plaintiffs' First Amendment rights to free speech, free exercise of religion and establishment of religion; violation of the Fourteenth Amendment equal protection clause; violation of Plaintiffs' Texas Constitutional right to freedom of worship and freedom of speech; violation of Chapter 106 of the Texas Civil Practice and Remedies Code regarding discrimination because of religion; and violation of Chapter 110 of

the Texas Civil Practice and Remedies Code regarding the Texas Religious Freedom Restoration Act. Plaintiff Leibovitz specifically alleges that Defendant Nash violated his Fourth Amendment right to be free from unreasonable seizure by wrongfully detaining him.

## Procedural History

Plaintiffs Muniz and Leibovitz filed their Original Complaint against the City of San Antonio, Texas, as well as San Antonio Police Department officer Oberheu and former San Antonio Police Department Officer Nash in their individual capacities on September 9, 2010. (Docket No. 1). The City of San Antonio filed its Original Answer on September 30, 2010 (docket no. 14), followed by Defendant Nash on October 4, 2010 (docket no. 15), and Defendant Oberheu on October 6, 2010 (docket no. 17). Defendants Nash and Oberheu filed Amended Answers on February 3, 2012 (docket nos. 69, 70), and the City of San Antonio filed an Amended Answer on March 7, 2012 (docket no. 79). On May 18, 2012, Defendants Nash and Oberheu filed Motions to Dismiss. (Docket Nos. 85, 86). Plaintiffs filed responses on June 1, 2012. (Docket Nos. 88, 89).

## Legal Standard

As noted, Defendant's motion to dismiss should be construed pursuant to Federal Rule of Civil Procedure 12(c), not Rule 12(b)(6). However, the standard for evaluating 12(b)(6) motions and 12(c) motions is the same. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In considering a motion to dismiss under 12(b)(6) or 12(c), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV.

P. 12(d). To survive a motion to dismiss, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.*

I.  **QUALIFIED IMMUNITY**

   A.  **Legal Standard**

Qualified immunity protects government officials who perform discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. Qualified immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (no emphasis added). Government officials are entitled to qualified immunity if their conduct "was objectively reasonable in light of the legal rules that were clearly established at the time of [their] actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (en banc), *cert. denied,* 537 U.S. 1232 (2003).

Once a government official has invoked the doctrine of qualified immunity, the burden shifts to the plaintiff to show that the doctrine does not apply by demonstrating (1) the defendant violated

his or her constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Porter v. Epps,* 659 F.3d 440, 445 (5th Cir 2011). The Fifth Circuit has imposed a heightened pleading standard on the plaintiff when the defendant raises qualified immunity as a defense. The plaintiff must "show with factual detail and particularity why the defendant official cannot maintain the qualified immunity defense." *Slocum v. Livington*, No. H-11-486, 2012 WL 2088953 (S.D. Tex. June 8, 2012) (citing *Elliott v. Perez,* 751 F.2d 1472, 1473 (5th Cir.1985)).

Qualified immunity questions should be resolved "at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (internal quotation marks omitted). However, the Fifth Circuit has noted that "if the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits." *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996). Dismissal still may be appropriate "on the grounds of qualified immunity . . . if it is supported by the allegations of the complaint itself." *Id.* In other words, "it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness." *McClendon v. City of Columbia,* 305 F.3d at 323.

    **B.**    **Analysis**

Plaintiff raises claims under Section 1983 arguing that Defendant violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, as well as the Texas Constitution and several Texas statutes, with all claims based on Defendant's alleged unlawful arrest of Plaintiff while he was sharing his religious beliefs in a public forum. In his Motion to Dismiss, Defendant argues that he is entitled to qualified immunity because "under the totality of the circumstances with which

Defendant Nash was confronted with at the time his actions were objectively reasonable."

"[A] police officer who reasonably but mistakenly concludes that he has probable cause to arrest a suspect is entitled to qualified immunity."*Chiles v. Hempstead,* 426 F. App'x 310, 312 (5th Cir. 2011) (quoting *Tarver v. City of Edna,* 410 F.3d 745, 750 (5th Cir. 2005)).  Defendant argues that he believed he had probable cause to arrest Plaintiff at the time of his arrest because he observed Plaintiff yelling at patrons in front of a bar and the crowd yelling back.  Defendant states that he believed that a breach of the peace was occurring and that a physical altercation was imminent.

However, Defendant's description of the incident conflicts with the description provided by Plaintiff in his complaint. While Defendant's account of the incident may very well demonstrate objectively reasonable conduct, the Court is unable to consider facts outside the pleadings for purposes of a Rule 12(c) motion.  The facts as alleged in Plaintiff's complaint control.  In his complaint, Plaintiff alleges that he was "peacefully and respectfully" sharing his religious beliefs in a public forum, but that Defendant arrested him because he "disagreed with [Plaintiff's] viewpoint." Plaintiff further claims that after his arrest Defendant told him "if he ever again saw [him and his friend] sharing their faith downtown he would again arrest them immediately."

The Court concludes that Plaintiff's detailed description of the incident is sufficient to meet the heightened pleadings standard that is required when a qualified immunity defense is raised by a defendant.  The Court further concludes that taking the facts in the Complaint as true, Plaintiff has demonstrated that Defendant violated his constitutional rights and that Defendant's actions were objectively unreasonable in light of the of clearly established law at the time of the violation.  The Court therefore denies Defendant's motion.

## II.   TEXAS CIVIL PRACTICE & REMEDIES CODE CHAPTER 110 CLAIM

Defendant moves to dismiss Plaintiff's claims against Defendant Nash under Texas Civil Practice and Remedies Code Chapter 110.  In its response, Plaintiff does not respond to Defendant's motion on this claim.  Plaintiff claims that Defendant's enforcement of a municipal ordinance prevented Plaintiff from freely exercising his religion in violation of Texas Civil Practice and Remedies Code Chapter 110. Chapter 110 provides that a government agency may not substantially burden an individual's free exercise of religion. *See* TEX. CIV. PRAC. & REM. CODE § 110.003(a). Chapter 110 also provides that an individual "may not bring an action for damages or declaratory or injunctive relief against an individual, other than action brought against an individual acting in the individual's official capacity as an officer of a government agency." TEX. CIV. PRAC. & REM. CODE § 110.005(d).  In this case, Plaintiff has not sued Defendant in his official capacity, but rather has sued him as an individual. Thus, Plaintiff's claim against Defendant under Chapter 110 is barred. The Court therefore dismiss Plaintiff's claims against Defendant Nash arising under Chapter 110. However, the claim remains as to the City of San Antonio.

## III.   TEXAS CIVIL PRACTICE & REMEDIES CODE CHAPTER 106

Defendant moves to dismiss Plaintiff's claims against Defendant Nash under Texas Civil Practice and Remedies Code Chapter 106.  In its response, Plaintiff does not respond to Defendant's motion on this claim.  Texas Civil Practice and Remedies Code Chapter 106 prohibits an officer or employee of the state from engaging in certain proscribed acts if such acts are undertaken because of a person's race, religion, color, sex, or national origin. TEX. CIV. PRAC. & REM. CODE § 106.001. If a person violated Section 106.001, the aggrieved person is limited to seeking injunctive relief such as a permanent or temporary injunction, a restraining order, or any other order. *Id*. at § 106.002.

Plaintiff claims Defendant discriminated against Plaintiff because of his religion by refusing to allow him access to public forums to exercise his religion and by imposing an unreasonable burden on Plaintiff's exercise of religion. Plaintiff seeks various remedies including, a permanent injunction enjoining Defendants, their agents, employees, and all other persons acting in concert with them or any of them from prohibiting plaintiff from, or punishing or harassing Plaintiff for peacefully and lawfully sharing his religious viewpoints in public forums within the City of San Antonio and prohibiting Defendants from, or punishing or harassing Plaintiffs for distributing free religious literature in public forums within the City of San Antonio. Plaintiff further requests an injunction ordering Defendants immediately to cease all actions, practices, customs, and/or policies, including but not limited to their application of Section 16-227 and 21-7 of the San Antonio Code of Ordinances, that unlawfully discriminate against Plaintiff and/or burden his religious exercise.

Although a permanent injunction is an available remedy to an aggrieved person under Chapter 106, Defendant Nash is no longer a police officer with the San Antonio Police Department and has no authority to enforce the law. Thus, Defendant Nash cannot be subject to the terms of a permanent injunction. The Court therefore dismisses Plaintiffs' claims against Defendant Nash arising under § 106.001.

## Conclusion

Plaintiff has failed to state a claim against Defendant under Chapter 110 and Chapter 106 of the Texas Civil Practice and Remedies Code. The Court therefore GRANTS Defendant's Motion to Dismiss with respect to that claim as to Defendant Nash. The claims remain as to the other Defendants. The Court DENIES Defendant's Motion to Dismiss with respect to the remaining claims.

The parties previously motioned this Court to stay all deadlines and vacate the Court's previously entered scheduling order (docket no. 87) pending the Court's decision on Defendant's Motion to Dismiss. The Court granted the motion by gavel order on June 4, 2012. The parties are therefore ordered to confer and submit a new proposed scheduling order to the Court by **August 3, 2012**.

It is so ORDERED.

SIGNED this 30th day of July, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE